**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GORAN MILOVANOVIC,              :
                                                           Civil Action No. 07-2593 (NLH)
        Petitioner,    :

        v.             :    **OPINION**

CHARLES H. SAMUELS,             :

        Respondent.    :

**APPEARANCES**:

Petitioner <u>pro se</u>
Goran Milovanovic
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

HILLMAN, District Judge

    Petitioner Goran Milovanovic, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Charles H. Samuels.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

On February 17, 2005, following a plea of guilty to conspiracy to possess with intent to distribute an unspecified amount of "Ecstasy" in violation of 21 U.S.C. §§ 841(a)(1) and 846, Petitioner was sentenced in the U.S. District Court for the Middle District of Florida "to be imprisoned for a total term of SEVENTY-EIGHT (78) MONTHS" ... and "[u]pon release from imprisonment, [to] be on supervised release for a term of THREE (3) years."  United States v. Milovanovic, 03-cr-0240 (M.D. Fla.).

On December 13, 2005, Petitioner filed in the trial court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The trial court denied that motion and Petitioner appealed.  While that appeal was pending, Petitioner filed an application with the U.S. Court of Appeals for the Eleventh Circuit for leave to file a second or successive § 2255 motion. The Court of Appeals denied the application without prejudice.

On April 12, 2006, this Court received Petitioner's first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he stated that he did not challenge the trial court's authority to impose the 78-month sentence, but that he challenged

2

the warden's authority to compel him to serve the term of supervised release "in addition" to his sentence as opposed to "as part" of his sentence. Milovanovic v. Samuels, 06-cv-1724 (JBS) (D.N.J.). By opinion and order entered May 31, 2006, the Honorable Jerome B. Simandle of this Court dismissed that petition, for lack of jurisdiction, because Petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, which was not "inadequate or ineffective" to determine his claims.

> To the extent the Petitioner can be construed as asserting a claim different from that presented in Petitioner's previous filings before the trial court and the Court of Appeals for the Eleventh Circuit, he has failed to make any showing that § 2255 is inadequate or ineffective to test his claims. A challenge to the Warden's authority to execute the sentence as imposed is, in fact, a challenge to the legality of the sentence as imposed. Petitioner does not allege that the Warden is executing the sentence in any manner than as it was imposed. Thus, again, this Court lacks jurisdiction to entertain Petitioner's § 2241 Petition.

(Milovanovic v. Samuels, Civil Action No. 06-1724 (JBS), Opinion at 8-9.) Petitioner's appeal of this decision was dismissed by the Court of Appeals for the Third Circuit pursuant to the agreement of the parties.

On June 4, 2007, this Court received this § 2241 Petition asserting the same claim asserted in the previous § 2241 petition.

> Specifically, the Petitioner is challenging the BOP's misinterpretation of the way his term of supervised release is to be served, (e.g. "in addition" to his maximum term of imprisonment as opposed to "as

```
        part" of his sentence as required by the governing
        statute), see 18 U.S.C. § 3583(a).
```

(Memorandum at 6.)

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

4

III.  ANALYSIS

As noted above, this Petition raises the same claim raised by Petitioner in a previous § 2241 petition, which Judge Simandle dismissed without prejudice for lack of jursidiction.

Title 28 Section 2244(a) provides that "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Thus, principles of res judicata and collateral estoppel do not apply in habeas proceedings.  See Sanders v. United States, 373 U.S. 1, 6-7 (1963).

The Court of Appeals for the Third Circuit has held that traditional "abuse of the writ" analysis applies to successive § 2241 petitions.  Zayas v. INS, 311 F.3d 247 (3d Cir. 2002) (citing McCleskey v. Zant, 499 U.S. 467 (1991)).  In McCleskey v. Zant, the Supreme Court reviewed the history of its approach to successive petitions, generally, including those raising issues previously decided on the merits.

> As appellate review became available from a decision in habeas refusing to discharge the prisoner, courts began to question the continuing validity of the common-law rule allowing endless successive petitions. ...  Some courts rejected the common-law rule, holding a denial of habeas relief res judicata. ...  Others

5

>adopted a middle position between the extremes of res judicata and endless successive petitions. ...
>
>>We resolved the confusion over the continuing validity of the common-law rule, at least for federal courts, in <u>Salinger v. Loisel</u>, 265 U.S. 244 ... (1924), and <u>Wong Doo v. United States</u>, 265 U.S. 239 ... (1924). These decisions reaffirmed that res judicata does not apply "to a decision on <u>habeas</u> <u>corpus</u> refusing to discharge the prisoner. ... they recognized, however, that the availability of appellate review required a modification of the common-law rule allowing endless applications. As we explained in <u>Salinger</u>:
>
>>>"In early times when a refusal to discharge was not open to appellate review, courts and judges were accustomed to exercise an independent judgment on each successive application, regardless of the number. But when a right to an appellate review was given the reason for that practice ceased and the practice came to be materially changed...." 265 U.S., at 230-231 ....
>
>>Relying on Justice Field's opinion in <u>Ex parte Cuddy</u>, we announced that second and subsequent petitions should be
>
>>>"disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety o the discharge sought. Among the matters which may be considered, and even given controlling weight, are (a) the existence of another remedy, such as a right in ordinary course to an appellate review in the criminal case, and (b) a prior refusal to discharge on a like application." 265 U.S., at 231 ....
>
>>... So while we rejected res judicata in a strict sense as a basis for dismissing a later habeas action, we made clear that the prior adjudication bore vital relevance to the exercise of the court's discretion in determining whether to consider the petition.
>
><u>McCleskey</u>, 499 U.S. at 479-82 (citations omitted).

6

Construing an earlier version of § 2244,[2] which the Supreme Court characterized as "plainly ... not intended to change the law as judicially evolved," and § 2255,[3] the Supreme Court held that:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

Sanders v. United States, 373 U.S. 1, 11, 15 (1963) (footnote omitted).

This Petition presents the same ground for relief as was presented in Petitioner's previous petition. That petition, however, was not determined on the merits, so as to require this Court to give controlling weight to the prior determination. Nevertheless, this Court agrees that it lacks jurisdiction over

---

[2] The version of § 2244 at issue provided that "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

[3] The version of § 2255 at issue provided that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

7

this Petition challenging the imposition of a sentence of imprisonment for a term of 78 months to be followed by a term of three years' supervised release, which must be brought as a § 2255 motion.  See, e.g., Okereke v. United States, 307 F.3dc 117, 120 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

In the alternative, to the extent the Petition could be construed as asserting a challenge merely to the "execution" of the sentence, which may be brought pursuant to § 2241, see Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001), it is meritless.

The judgment, attached as Exhibit A to Petitioner's Memorandum of Law, plainly sentences Petitioner to a term of imprisonment of 78 months and, upon release from imprisonment, to a term of three years' supervised release.  In support of Petitioner's claim that the Bureau of Prisons is miscalculating his sentence, by requiring the service of supervised release following the release from imprisonment, Petitioner cites to the language of 18 U.S.C. § 3583(a) that "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."  (Emphasis added).

The Supreme Court has rejected Petitioner's proposed construction of the statute.  In United States v. Johnson, 529

8

U.S. 53 (2000), the Court held that a term of supervised release does not commence until release from imprisonment, even where a prisoner serves excess time in prison.  Specifically, the Court relied upon the language of 18 U.S.C. § 3583(e), which provides,

> A prisoner whose sentence includes a term of supervised release <u>after imprisonment</u> shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court.  <u>The term of supervised release commences on the day the person is released from imprisonment</u> ... .

18 U.S.C. § 3583(e) (emphasis added) (cited and discussed in <u>United States v. Johnson</u>, 529 U.S. at 56-60).  In addition, the Supreme Court expressly held that there was no ambiguity in the statute.  529 U.S. at 59.

For the foregoing reasons, it would not be in the interest of justice to transfer this action to the Court of Appeals for the Eleventh Circuit.  <u>See</u> 28 U.S.C. § 1631.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.  In the alternative, to the extent this Court can exercise jurisdiction over this matter, the Petition is denied.  An appropriate order follows.

At: Camden, New Jersey            s/Noel L. Hillman
                                  Noel L. Hillman
                                  United States District Judge
Dated: November 2, 2007

9